Filed 5/21/15  P. v. Espinoza CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES SANTIAGO ESPINOZA,<br><br>    Defendant and Appellant. | F068140<br><br>(Super. Ct. No. BF143272A)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Steven M. Katz and Thomas S. Clark, Judges.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Cornell, J. and Gomes, J.

James Santiago Espinoza pled no contest to driving while under the influence of alcohol (Veh. Code, § 23152, subd. (a))[1] and pled guilty to driving with a license that had been suspended because of a prior driving under the influence violation (§ 14601.2, subd. (a)). Espinoza filed a notice of appeal without obtaining a certificate of probable cause. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. By letter dated April 2, 2014, we invited Espinoza to submit additional briefing. To date he has not done so. We find no appealable issues and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

Count 1 of the information charged Espinoza with driving while under the influence of alcohol, in violation of section 23152, subdivision (a). This count also alleged Espinoza had been convicted of three separate violations of section 23152 within the preceding 10 years within the meaning of section 23550. Count 2 charged Espinoza with driving with a blood-alcohol content above 0.08 percent, in violation of section 23152, subdivision (b). This count also alleged the three prior violations within the preceding 10 years within the meaning of section 23550. Count 3 charged Espinoza with driving while under the influence of alcohol, in violation of section 23152, subdivision (a). This count differed from count 1 because it alleged Espinoza had suffered a prior felony conviction for violation of section 23152 within the preceding 10 years, in violation of section 23550.5. Count 4 charged Espinoza with driving with a blood-alcohol content in excess of 0.08 percent, in violation of section 23152, subdivision (b) and contained the same prior felony allegation as in count 3. Count 5 charged Espinoza with driving with a suspended license because of a prior driving while under the influence of alcohol conviction**,** in violation of section 14601.2, subdivision (a). Counts 1 through 4 were charged as felonies, while count 5 was charged as a misdemeanor.

---

[1]All further statutory references are to the Vehicle Code unless otherwise stated.

The information contained numerous enhancement allegations. It was alleged Espinoza (1) was convicted of violating section 23152, subdivision (a) on December 15, 2003, for an offense that occurred on May 4, 2003, within the meaning of section 23540 (counts 1 and 2), (2) was convicted of violating section 23152, subdivision (a) on September 22, 2005, for an offense that occurred on April 16, 2005, within the meaning of section 23540 (counts 1 and 2), (3) was convicted of violating section 23152, subdivision (a) on January 6, 2011, for a violation that occurred on August 20 2010, within the meaning of section 23540 (counts 1 and 2), (4) had served two prior prison terms within the meaning of section 667.5, subdivision (b) (counts 1, 2, 3, and 4), (5) was convicted of a violation of section 14601.2, subdivision (a) on March 23, 2007, for an offense that occurred on May 5, 2006, within the meaning of section 14601.2, subdivision (d)(2) (count 5), and (6) was convicted of a violation of section 14601.2, subdivision (a) on November 23, 2010, for an offense that occurred on August 20, 2010, within the meaning of section 14601, subdivision (d)(2) (count 5).

The prosecution dismissed counts 1 and 2 before the first trial. Espinoza pled guilty to count 5 for tactical reasons before the first trial, also admitting the two enhancements. The trial court granted Espinoza's motion for a nonsuit in the first trial because of a violation of his constitutional rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. The issue related to statements made by Espinoza after being stopped for suspicion of drunk driving. The trial court initially had denied Espinoza's motion to suppress the statements in a pretrial motion. During the trial, however, facts previously unknown to both the prosecutor and defense counsel were developed that led the trial court to reconsider its earlier ruling and, as a result, to grant the motion for a mistrial. Espinoza was sentenced to one year in jail for count 5.

During pretrial motions in the second trial, Espinoza pled no contest to count 3 in exchange for an agreed-upon term of three years four months (low term of 16 months plus two years for the two prison priors).

3.

## DISCUSSION

Espinoza filed a handwritten notice of appeal in the trial court and with this court. He did not apply for, nor did he obtain, a certificate of probable cause.

Penal Code section 1237.5 precludes an appeal from the judgment entered after a guilty plea unless the defendant applies for, and the trial court grants the defendant, a certificate of probable cause. The general rule is that without a certificate of probable cause, the issues raised by the defendant are not reviewable. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.)

There are two exceptions to this general rule. A defendant does not need a certificate of probable cause to appeal when the appeal addresses postplea matters not challenging the plea's validity, or when the issue is the lawfulness of a search or seizure that was first contested in the trial court before the defendant entered a plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096 (*Mendez*); Cal. Rules of Court, rule 8.304(b)(4).)

The reason for this rule requiring a certificate of probable cause is to promote judicial economy by refusing to review frivolous guilty plea appeals. (*Mendez, supra,* 19 Cal.4th at p. 1095.) "The trial court is empowered to review the statement of the grounds of the appeal to preclude those appeals which raise no issues cognizable after a guilty plea or which raise cognizable issues which are 'clearly frivolous and vexatious .…' [Citations.] [¶] It is not the trial court's responsibility to determine if there was an error in the proceedings. The trial court's sole objective is to eliminate those appeals 'having no possible legal basis' by refusing to issue a certificate of probable cause. [Citations.] [Penal Code] [s]ection 1237.5 requires the trial court to certify any arguably meritorious appeal to the appellate courts. Thus, if the statement submitted by the defendant in accordance with [Penal Code] section 1237.5 presents any cognizable issue for appeal which is not *clearly* frivolous and vexatious, the trial court abuses its discretion if it fails to issue a certificate of probable cause." (*People v. Holland* (1978) 23 Cal.3d 77, 84, disapproved on other grounds in *Mendez, supra,* 19 Cal.4th at pp. 1097-1098.) "If the

4.

trial court wrongfully refuses to issue a certificate, the defendant may seek a writ of mandate from the appellate court." (*People v. Johnson* (2009) 47 Cal.4th 668, 676.)

A court of appeal "generally may not proceed to the merits of the appeal, but must order dismissal thereof, unless the defendant has filed a statement of certificate grounds as an intended notice of appeal, and has obtained a certificate of probable cause, in full compliance therewith." (*Mendez, supra,* 19 Cal.4th at p. 1099.) The exception to the general rule is "if the defendant has based his [or her] appeal solely on noncertificate grounds and has filed a notice of appeal so stating. [The appellate court] may accordingly address noncertificate issues. But it must decline to address certificate issues: the presence of a notice of appeal stating noncertificate grounds does not supply the absence of a statement of certificate grounds and a certificate of probable cause." (*Ibid*.) The noncertificate grounds referred to in *Mendez* are, of course, postplea matters and the lawfulness of a search or seizure.

Espinoza did not obtain a certificate of probable cause, and his notice of appeal does not suggest he is challenging either a postplea matter or the lawfulness of a search or seizure. Accordingly, we may not proceed to the merits of the appeal.

## DISPOSITION

The judgment is affirmed.